UNITED STATES of America, Appellee,

v.

John VARGAS, Appellant.

No. 79–1106.

United States Court of Appeals,
First Circuit.

Argued March 14, 1979.

Decided March 29, 1979.

John Wall, Boston, Mass., with whom Harry C. Mezer and Cullen & Wall, Boston, Mass., were on brief for appellant.

Martin D. Boudreau, Special Atty., Dept. of Justice, Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., and Gerald E. McDowell, Special Atty., Dept. of Justice, Washington, D. C., were on brief for appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, PETTINE, District Judge.*

* Of the District of Rhode Island, sitting by designation.

PER CURIAM.

Appellant, an indicted criminal defendant whose trial date has not yet been set, appeals from an order of the district court. In order to understand the order, a few background facts are necessary. Appellant was indicted along with twelve others for alleged mail fraud, 18 U.S.C. § 1341, and conspiring to associate with an enterprise conducting its affairs by racketeering, 18 U.S.C. § 1961 *et seq.* After the indictment was returned, appellant filed motions under Fed.R.Crim.P. 17(c) for pretrial subpoenas duces tecum of background records of three purported government witnesses in order to obtain impeachment material. Upon government objection, appellant then submitted additional information with regard to the subpoenas requested, along with the affidavit of a licensed private investigator which detailed the facts discovered, the grounds upon which the records were believed to exist, and the inability of defense counsel to procure the records without a subpoena. Appellant also submitted *in camera* signed statements obtained by the investigator from three individuals (confidential sources) relative to the facts alleged in support of the motion for the subpoenas. After examining the material submitted, the magistrate issued the order, approved by the district court, from which appellant appeals.

The hearing scheduled before this court on February 22, 1979, on defendant Vargas' Motion for Disclosure of Records of Charles Werner, Kenneth Landers, and James Harris, is hereby continued to another date to be set by this court.

Prior to that hearing, but, in any event, prior to March 1, 1979, counsel for defendant Vargas shall produce for an *in camera* hearing before this court those persons designated as Confidential Source # 3, Confidential Source # 4, and Confidential Source # 5, in defendant Vargas' Affidavit in Support of Motion Filed for Disclosure of Records of Charles Werner or Subpoena. Counsel for Vargas shall

advise each of the said persons of their right to have counsel (other than counsel representing any of the defendants in this case) present at the hearing. If said persons are financially unable to retain counsel, counsel for Vargas shall immediately advise this court, and counsel will be appointed, provided that they are indigent within the scope of the Criminal Justice Act. At the hearing before this court, a stenographer will be present to record the hearing. The United States shall bear the expense of providing a court reporter and the preparation of a transcript. At the conclusion of the hearing, the transcript shall be impounded and sealed for such appellate review as deemed appropriate, or at such other time as shall be ordered by the Court upon application and notice.

Counsel for defendant Vargas shall advise the Clerk of this Court as to the date said persons will be present.

It is clear, and defense counsel so conceded at oral argument, that if the district court, acting through the magistrate, had refused to issue the requested subpoenas, there would be no appealable order. Civil and criminal pretrial discovery orders are subject to the same rule precluding appeal before final judgment. *DiBella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1972); 9 Moore's Federal Practice ¶ 110.13[3] at 160–63 (2d ed. 1975). Appellant's attempt to use the order as a means for evading the finality rule must fail.

Without prejudging the merits of any appeal from a final conviction involving this order, we note the following characteristics of the order which convince us that an extraordinary interlocutory appeal is not necessary at this time. The order is directed to defense counsel, not the individuals to be questioned. While it is couched in mandatory terms, it can only mean that the subpoenas will not issue unless defense counsel complies. If defense counsel cannot persuade the individuals to appear for *in camera* questioning or prefers not to have them appear, there is no compulsion on either the individuals or defense counsel.

The magistrate has made a decision, well within the district court's discretion, that before issuing wide-ranging subpoenas, he would like to inquire further from the sources of the information relied on for the subpoenas. His order carefully protects the rights of the individuals and appellant should they decide to appear for an *in camera* hearing. Whether they do appear is up to them and defense counsel. So interpreted, the order neither trenches on the rights of the individuals nor appellant.

*Appeal dismissed for lack of appellate jurisdiction.*